UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| 3D ENTERPRISES CONTRACTING CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CASE NO. 3:05-0594 JUDGE ECHOLS |
| HARPETH VALLEY UTILITIES DISTRICT, | ) ) ) ) | |
| Defendant. | ) | |

ORDER

Pending before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Docket Entry No. 44), to which Defendant Harpeth Valley Utilities District ("Harpeth Valley") has noted its concurrence (Docket Entry No. 54) and Plaintiff 3D Enterprises Contracting Corporation ("3D") has filed an Objection (Docket Entry No. 55).

This is a declaratory judgment, breach of contract, and negligent misrepresentation action in which 3D seeks a retained contract balance of close to $300,000 for the construction of a water booster station, storage tank and water line project, together with a declaratory judgment that the project was completed by the contract deadline. Harpeth Valley has filed a Counterclaim in which it alleges 3D failed to complete the project in accordance with the terms of the contract and in accordance with standard

1

construction and geotechnical practices, and such failure required Harpeth Valley to perform additional geotechnical and remediation work so that the project can be certified as being safe and stable.

At issue in the R & R is 3D's request to file a "Motion for Leave to File Third-Party Complaint" (Docket Entry No. 39) which seeks to state a claim against Beaver Engineering, Inc. ("Beaver") on the theory that Beaver, 3D's subcontractor, is liable on the Counterclaim asserted by Harpeth Valley. The Magistrate Judge recommends denial of 3D's Motion on the grounds that the Motion was filed too close to the previously scheduled pretrial conference and trial dates (September 11, 2006 and October 3, 2006, respectively), and long after the December 22, 2005 deadline set in the Initial Case Management Order for amendment of pleadings.

Since the entry of the R & R, the Court held a pretrial conference during which it was concluded that the trial date would have to be continued for a period so that the need for remediation of a new slide of the earthen structure could be considered. Nevertheless, the Court finds that the Magistrate Judge was correct in recommending denial of the request to file a Third-Party Complaint.

As the Magistrate Judge noted, Rule 16(b) of the Federal Rules of Civil Procedure provides that dates set in a scheduling order "shall not be modified except upon a showing of good cause[.]" Fed. R. Civ. P. 16(b); see generally, Haig, BUSINESS AND COMMERCIAL LITIGATION

2

IN FEDERAL COURTS, *Scheduling Order and Its Ramifications,* § 29:14 (West, 2005). In its Objection, 3D claims good cause for failing to file its Motion earlier because it could not assert a Third-Party Complaint until Harpeth Valley filed a Counterclaim and, even then, it could not seek to file the Third-Party Complaint until it had an independent jurisdictional basis under 28 U.S.C. § 1367(b).

Even accepting these assertions as true, the representations made by 3-D regarding when it could file the present Motion belie its contention that the Motion was filed "within a reasonable time after the grounds" for filing a Third-Party Complaint became apparent. Harpeth Valley was granted leave to amend its pleadings to assert a Counterclaim on March 15, 2006. While the Counterclaim does not set forth the amount of damages sought, 3D states that on May 11, 2006, it was advised that Harpeth Valley was seeking additional remediation, the cost of which would exceed the jurisdictional minimum required to support diversity jurisdiction. Nevertheless, 3D did not file its present Motion until August 29, 2006, some 3½ months later.

Moreover, 3D's involvement in a dispute with its insurer over coverage does not militate against the fact that 3D was aware a complaint could be filed in this Court against Beaver by at least May 11, 2006. In any event, 3D's insurer filed suit in this Court on June 9, 2006, seeking a declaration that it had no duty to indemnify or defend 3D in the imbroglio relating to the project

3

undertaken for Harpeth Valley.  Inexplicably, 3D did not file the present Motion for more than 2½ months, when the trial date was looming on the horizon.

The Court recognizes that the trial date has been continued for a short period.  However, that continuance was granted merely so that the parties could address the most recent slide and the need for remediation.  The Court believes that at this late date in the proceedings, adding another party will unduly complicate matters.  It will also place the proposed third-party Defendant (Beaver) at a disadvantage since it has not had the opportunity to engage in discovery which has already been completed by the principal parties.  Moreover, 3D can pursue its claims against Beaver in relation to the Harpeth Valley project in the action it has filed in state court.

After *de novo* review pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the Court finds that the Magistrate Judge did not err in recommending denial of 3D's Motion.  Accordingly, the R & R (Docket Entry No. 44) is hereby ACCEPTED and Plaintiff's "Motion for Leave to File Third-Party Complaint" (Docket Entry No. 39) is hereby DENIED.

It is so ORDERED.

*[signature]*
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE